UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MARK PATRICK GANSERT, <br><br> Petitioner, <br><br> v. <br><br> ORANGE COUNTY SHERIFF DON BARNES, <br><br> Respondent. | Case No. 8:20-cv-00781-JGB-JDE <br><br> ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

**I.**

**BACKGROUND**

On April 21, 2020, the Court received a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by Mark Patrick Gansert ("Petitioner"). Dkt. 1 ("Petition" or "Pet."). Petitioner challenges a February 27, 2020 determination of his "competency to stand trial" in the Orange County Superior Court. Pet. at 2. Petitioner asserts he was unable to enter a plea and did not go to court. Id. Petitioner did not appeal to the California Court of Appeal or the California Supreme Court. Id. Petitioner states he filed a habeas petition with the "originating court" on March 5, 2020 and filed a motion for

1  mandate or prohibition with the Orange County Superior Court Appellate

2  Division on March 20, 2020, but states "there has been no action due to court

3  closures" allegedly "due to Covid-19." Id. at 3-4.

4      Petitioner asserts four grounds for relief and attests that none of the

5  grounds have been presented to California Court of Appeal or the California

6  Supreme Court, explaining "unable to—Covid-19. Id. 5-7. Petitioner amplifies

7  this assertion in an attachment to the Petition, stating "as per exhaustion

8  requirements due to Covid-19 pandemic, the courts of immediate concern are

9  closed. The clerks of said courts are not responding to motions and writs being

10 mailed in. The exhaustion requirement as per exigent circumstances is

11 impossible to complete." Pet at 11 (CM/ECF pagination). Petitioner further

12 asserts that he is in a "risk group for mortality due to Covid-19" and asserts

13 that the exhaustion requirement is unreasonable here. Id.

14      A district court "must promptly examine" the petition and, "[i]f it

15 plainly appears from the petition . . . that the petitioner is not entitled to relief,"

16 the "judge must dismiss the petition." Rule 4, Rules Governing Section 2254

17 Cases in the United States District Courts ("Habeas Rules"); Mayle v. Felix,

18 545 U.S. 644, 656 (2005).

19      The Court has reviewed the Petition under Rule 4 of the Habeas Rules

20 and finds it is subject to dismissal for the reasons explained below.

**II.**

**DISCUSSION**

**A.   The Petition Is Unexhausted**

24      As a matter of comity, a federal court will not entertain a habeas corpus

25 petition unless the petitioner has exhausted the available state judicial remedies

26 on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-

27 22 (1982). Under 28 U.S.C. § 2254(b)(1), a habeas petition brought by a person

28 in state custody "shall not be granted unless it appears that – (A) the applicant

2

1  has exhausted the remedies available in the courts of the State; or (B)(i) there is

2  an absence of available State corrective process; or (ii) circumstances exist that

3  render such process ineffective to protect the rights of the applicant."

4      Exhaustion requires that the petitioner's claims be fairly presented to the

5  state courts and be disposed of on the merits by the highest court of the state.

6  James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d

7  225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th

8  Cir. 2009). A claim has not been fairly presented to a state court unless the

9  petitioner has described both the operative facts and the federal legal theory on

10  which the claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per

11  curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro,

12  653 F.3d 790, 801 (9th Cir. 2011). Petitioner has the burden of demonstrating

13  that he has exhausted his available state remedies. See, e.g., Williams v.

14  Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

15      Here, Petitioner challenges a "competency to stand trial" determination

16  made by the Orange County Superior Court on February 27, 2020. Pet. at 2.

17  Petitioner filed a petition with the superior court on March 5, 2020 and a

18  motion seeking mandate or prohibition with the appellate division of the

19  Orange County Superior Court on March 20, 2020, proceedings which have

20  not reached completion, which Petitioner blames on the courts being closed

21  due to Covid-19. Pet. at 2-3. Petitioner concedes he has not attempted to

22  present any of the grounds raised in the Petition in either the California Court

23  of Appeals or the California Supreme Court, stating "unable—Covid-19,"

24  arguing the state courts are not responding to his motions and writs and his "at

25  risk" status to Covid-19 renders exhaustion "unreasonable." Id. at 5-7, 11.

26      Petitioner concedes he has not presented any federal constitutional

27  claims contained in the Petition to the state courts rendering those claims

28  unexhausted. Although Petitioner asserts that state courts have not responded

1   to a motion and writ he filed in the superior court, he only filed those

2   proceedings a few weeks ago. Nor does Petitioner explain why he did not and

3   could not pursue his remedies in the California Court of Appeal or California

4   Supreme Court. Petitioner has not shown state remedies are unavailable to

5   him or that the statutorily mandated exhaustion requirement should be

6   excused in his case. Thus, it appears the Petition is subject to dismissal for

7   failure to exhaust state remedies.

8   **B.**    **The Court Must Abstain from Interfering with Petitioner's Ongoing**

9          **State Prosecution**

10          As federal courts are courts of limited jurisdiction, the petitioner bears

11   the burden of establishing that his case is properly in federal court. See

12   Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here,

13   Petitioner filed this action as a petition pursuant to both 28 U.S.C. § 2254.

14   Section 2254(a) confers jurisdiction on a district court to issue "a writ of

15   habeas corpus in behalf of a person in custody pursuant to the judgment of a

16   State court . . . on the ground that he is in custody in violation of the

17   Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

18   Separately, 28 U.S.C. § 2241 "provides generally for the granting of writs of

19   habeas corpus by federal courts, implementing 'the general grant of habeas

20   authority provided by the Constitution.'" Frantz v. Hazey, 533 F.3d 724, 735

21   (9th Cir. 2008) (en banc) (citation omitted). "[T]he general grant of habeas

22   authority in § 2241 is available for challenges by a state prisoner who is not in

23   custody pursuant to a state court judgment-for example, a defendant in pre-

24   trial detention or awaiting extradition." Stow v. Murashige, 389 F.3d 880, 886

25   (9th Cir. 2004) (citation omitted); see also McNeeley v. Blanas, 336 F.3d 822,

26   824 n.1 (9th Cir. 2003) (as amended) (concluding that a pretrial detainee's

27   speedy trial claim "falls under 28 U.S.C. § 2241"). Accordingly, because

28

4

1    Petitioner has apparently not sustained a state court conviction on the

2    presently pending charge, Section 2241 would apply, not Section 2254.

3         However, even interpreting the Petition broadly to seek relief under

4    Section 2241, under the <u>Younger</u> abstention doctrine, a federal court will not

5    intervene in a pending state criminal proceeding absent extraordinary

6    circumstances. <u>Younger</u>, 401 U.S. at 43-54. <u>Younger</u> abstention is appropriate

7    when: (1) the state court proceedings are ongoing; (2) the proceedings

8    implicate important state interests; and (3) the state proceedings provide an

9    adequate opportunity to raise federal questions. <u>Baffert v. Cal. Horse Racing</u>

10   <u>Bd.</u>, 332 F.3d 613, 617 (9th Cir. 2003). <u>Younger</u> abstention applies to both

11   attempts to preclude and/or stay criminal prosecutions and attempts to obtain

12   more limited or piecemeal intervention in state criminal actions. <u>See, e.g.</u>,

13   <u>Kugler v. Helfant</u>, 421 U.S. 117, 130 (1975) (federal courts should not

14   "intervene piecemeal to try collateral issues" in state criminal prosecutions);

15   <u>Dubinka v. Judges of the Superior Court of Cal. for the Cty. of L.A.</u>, 23 F.3d

16   218, 223 (9th Cir. 1994) (a request to enjoin enforcement of a criminal

17   discovery statute and to suppress evidence obtained under that statute could

18   not be entertained).

19        Here, all of the <u>Younger</u> criteria appear to be present. First, Petitioner's

20   proceedings in the superior court are ongoing. Second, a state's task of

21   enforcing its laws against socially harmful conduct is "important and

22   necessary," <u>Younger</u>, 401 U.S. at 51-52, and as such, the state proceedings

23   implicate important state interests. Third, the issues Petitioner raises in the

24   instant Petition, if cognizable, can be raised in his pending criminal case, his

25   pending superior court writ proceedings, and any eventual appeal. Thus, he

26   has an opportunity to raise his constitutional claims in state court. As such,

27   this Court appears required to abstain from intervening in the ongoing state

28

1    criminal proceedings absent extraordinary circumstances. <u>See</u> <u>Canatella v.</u>

2    <u>California</u>, 404 F.3d 1106, 1109-10 (9th Cir. 2005).

3         Abstention is not appropriate if the state proceedings are being

4    undertaken in bad faith, to harass, or are based on "flagrantly and patently"

5    unconstitutional state rules, or where some other extraordinary circumstance is

6    present. <u>See</u> <u>Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457

7    U.S. 423, 435-37 (1982). Irreparable injury alone is insufficient to warrant

8    federal intervention unless the irreparable injury is both great and immediate.

9    <u>See</u> <u>Younger</u>, 401 U.S. at 46. Here, it does not appear that the circumstances of

10   Petitioner's case fall within any recognized exception to the <u>Younger</u> doctrine.

11        Relief is not available to Petitioner under Section 2254 as he has not

12   been convicted, and, interpreting the Petition broadly to rely upon Section

13   2241, for the foregoing reasons, it appears that <u>Younger</u> abstention is

14   appropriate in this case. <u>See</u> <u>Smith v. Superior Court of California</u>, 2019 WL

15   249536, at *2 (E.D. Cal. Jan. 17, 2019); <u>Fritz</u>, 2012 WL 5197971, at *4.

**III.**

**ORDER**

18        Because the Petition reveals that its claims are wholly unexhausted, and

19   because the Court must abstain from hearing habeas claims challenging

20   Petitioner's ongoing state criminal proceedings, the Petition appears subject to

21   dismissal.

22        Petitioner is therefore ORDERED TO SHOW CAUSE in writing why

23   this action should not be dismissed without prejudice for failure to exhaust

24   state remedies and pursuant to the <u>Younger</u> abstention doctrine by filing a

25   written response to this Order <u>by no later than thirty (30) days from the date of</u>

26   <u>this Order</u> which sets forth any valid legal and/or factual reasons why the

27   Petition should not be dismissed.

28

1    Instead of filing a written response to the matters addressed in this

2  Order, Petitioner may voluntarily dismiss the action by filing a Notice of

3  Dismissal under Federal Rule of Civil Procedure 41(a)(1). <u>The Clerk is</u>

4  <u>directed to send Petitioner a Central District Request for Dismissal form</u>.

5    The Court warns Petitioner that failure to timely file a response to this

6  Order may result in dismissal of the action for the foregoing reasons and for

7  failure to prosecute and comply with Court orders. <u>See</u> Fed. R. Civ. P. 41(b).

8

   Dated:  <u>April 24, 2020</u>

9

10                                              _____
                                                JOHN D. EARLY
11                                              United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  | CASE NUMBER |
|---|---|
| Plaintiff(s),<br><br>v.<br><br>Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐   This action is dismissed by the Plaintiff(s) in its entirety.

☐   The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐   The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   **ONLY** Defendant(s) _____

_____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
             *Date*                                    *Signature of Attorney/Party*

*NOTE:*   ***F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

   ***F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.***